**STATE of Missouri, Respondent,**

v.

**Ryan William FERGUSON, Appellant.**

**No. WD 66271.**

Missouri Court of Appeals, Western District.

June 26, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 31, 2007.

Application for Transfer Denied Aug. 21, 2007.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, MO, for respondent.

Ellen H. Flottman, Assistant State Public Defender, Columbia, MO, for Appellant.

Before ULRICH, P.J., and LOWENSTEIN and SMITH, JJ.

### Order

PER CURIAM.

Ryan William Ferguson appeals the judgment of his convictions, after a jury trial in the Circuit Court of Boone County, on Count I for murder in the second degree, in violation of § 565.021.1(2); and on Count II for robbery in the first degree, in violation of § 569.020. As a result of his convictions, he was sentenced to consecutive prison terms of thirty years on Count I and ten years on Count II, in the Missouri Department of Corrections.

The appellant raises seven points on appeal. In Point I, he claims that the trial court erred in rejecting his proposed Instruction A, instructing the jury that it could consider the guilty pleas of State's witness, Charles Erickson, to felony murder, robbery, and armed criminal action (ACA), for the "sole" purpose of determining his "believability" and could not consider it as evidence that the appellant was guilty as charged because, as a matter of due process, he had a right to instruct the jury that Erickson was biased and prejudiced against him due to his not yet having been sentenced and, therefore, having an incentive to testify against him. In Point II, he claims that the trial court erred in overruling his objections to the testimony of Erickson concerning what he told his friends, Art Figueroa and Nicholas Gilpin, about murdering the victim because it constituted improper bolstering of his other testimony, that the appellant and he had killed the victim while robbing him. In Point III, he claims that the trial court plainly erred in sustaining the State's objection to the late endorsement of Officers Rugstadt and Harlan Hatton, of the Co-

lumbia Police Department, as defense witnesses to testify concerning the route taken by the canine officer and his canine in tracking the trail of blood away from the crime scene, because such testimony was "clearly material, relevant and important" to corroborate the appellant's defense at trial, that someone other than the appellant murdered the victim. In Point IV, he claims that the trial court erred in overruling the appellant's objection to the in-court identification of him by Jerry Trump, a night janitor at the Tribune Building, because the State did not show by clear and convincing evidence that there was a reliable independent basis for identification, rendering it inadmissible as being unreliable and impermissibly suggestive. In Point V, he claims that the trial court plainly erred in giving Instruction No. 5, patterned after MAI–CR 3d 310.50 (10–1–95), instructing the jury that voluntary intoxication did not relieve a person of responsibility for his conduct, because, in violation of § 562.076.3, it was given without there being any evidence that the appellant was in a voluntarily intoxicated condition. In Point VI, he claims that the trial court erred in overruling his motions for judgment of acquittal, as to the charge of robbery and the charge of felony murder, which was predicated on the underlying charge of robbery, at the close of the State's and all the evidence, because, in violation of his right to due process, the State failed to make a submissible case on the requisite proof element of the offense of robbery, that either he or the appellant appropriated the car keys and a watch from the victim. In Point VII, he claims that the trial court plainly erred in giving Instruction No. 13, the State's verdict director submitting robbery in the first degree, which was patterned after MAI–CR 3d 323.02 (9–1–03), and which was modified pursuant to MAI–CR 3d 304.04 (9–1–03),

the mandatory instruction for submitting accomplice liability, because there was no evidence in the record to establish that he or Erickson took the car keys or watch from the victim.

We affirm, pursuant to Rule 30.25(b).